IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SHELBY BURDETTE,<br>    *Plaintiff*, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO.: 6:20-cv-960 |
| BAYLOR SCOTT & WHITE HEALTH, LLC,<br>    *Defendant*. | §<br>§<br>§ | |

## DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE ALAN ALBRIGHT:**

COMES NOW, Defendant Baylor Scott & White Health, improperly named as "Baylor Scott & White Health, LLC," (hereinafter **"Defendant"**), and pursuant to 28 U.S.C. § 1331, 1441(a), and 1446(a), removes this case from the 169th Judicial District Court of Bell County, Texas, to the United States District Court for the Western District of Texas, Waco Division. In support of this removal, Defendant respectfully offers this Court the following:

### I.
### BRIEF FACTUAL AND PROCEDURAL BACKGROUND

**1.** On March 19, 2020, Plaintiff filed this lawsuit in the 169th Judicial District Court of Bell County, Texas. *See* **Exhibit B** at p. 1. In his Original Petition, Plaintiff is asserting a cause of action under the Family Medical Leave Act (**"FMLA"**). *Id*. at ¶V.

**2.** Plaintiff served Defendant with a copy of Plaintiff's Original Petition on October 6, 2020. *See* **Exhibit C** (Return of Service of Process). Pursuant to 28 U.S.C. § 1446(b)(1), Defendant now timely files this Notice of Removal within 30 days after service and receipt of Plaintiff's Original Petition.

## II.
## GROUNDS FOR REMOVAL

3.  Removal is proper because subject-matter jurisdiction is established under 28 U.S.C. §1331.

## III.
## CONSENT

4.  Baylor Scott & White Health is the sole defendant in this case and therefore consent from a co-defendant is not required. *See* 28 U.S.C. §1446(b)(2)(A)

## IV.
## VENUE IS PROPER

5.  Venue is proper in this Court under 28 USC §1441(a), because this district and division embrace the place in which the removed State court action has been pending. Specifically, the Bell County Judicial District Court is within the district and division of the United States District Court of the Western District of Texas, Waco Division. *See* 28 U.S.C. §124(d)(2).

## V.
## DEFENDANT HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS

6.  As required under 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached to this Notice of Removal, and include the following:[1]

- **Exhibit A:** Docket sheet from State court;
- **Exhibit B:** Plaintiff's Original Petition;
- **Exhibit C:** Proof of Service on Defendant; and
- **Exhibit D**: Defendant's Original Answer[2]

---

[1] The State court judge(s) has not signed any orders in this case.

[2] On October 15, 2020, Defendant filed an Answer in the State court proceeding. *See* FED. R. CIV. P. 81(c)(2) ("After removal, repleading is unnecessary unless the court orders it.").

**7.** On filing of this Notice of Removal, Defendant will promptly provide written notice to Plaintiff and file a copy of this Notice of Removal with the clerk of the State court where the suit has been pending, in accordance with 28 U.S.C. § 1446(d).

**8.** In the event this Court subsequently identifies a defect in this Notice of Removal, Defendant respectfully requests this Court to grant Defendant leave to amend this Notice and cure the defect. *See, e.g., Sutton v. Advanced Aquaculture Sys., Inc.*, No. 07-CV-175-XR, 2007 WL 1032339, at *1 (W.D. Tex. April 3, 2007) (explaining "Defendants may still amend their notice of removal after the expiration of the original 30-day time limit for removal."); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11–1247, 2011 WL 4499589, *7 (W.D. La. Sept. 23, 2011)(explaining "defendants may freely amend the notice of removal required by section 1446(b).").

**9.** By filing this Notice of Removal, Defendant does not waive any legal defenses, but expressly reserves its right to raise any and all legal defenses in subsequent pleadings in this Court.

**10.** This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. §1446(a).

## VI.
### CONCLUSION

WHEREFORE, Defendant represents that it has complied with the removal statutes set forth above, and thus, this case stands removed from the 169th Judicial District Court of Bell County to the United States District Court for the Western District of Texas, Waco Division.

Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,

**GERMER BEAMAN & BROWN, P.L.L.C.**
Barton Skyway
1501 S Mopac Expy, Suite A400
Austin, Texas 78746
(512) 472-0288 Telephone
(512) 472-9260 Facsimile

By:   */s/ Ryan C. Bueche*
      R. Chad Geisler
      State Bar No. 00793793
      cgeisler@germer-austin.com
      Ryan C. Bueche
      State Bar No. 24064970
      rbueche@germer-austin.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify by my signature above that a true and correct copy of the above and foregoing has been served on all attorneys of record on October 15, 2020:

                                                  */s/ Ryan C. Bueche*
                                                  Ryan C. Bueche