# EXHIBIT B

CAUSE NO. 316,592-C

| | | |
|---|---|---|
| SHELBY BURDETTE, | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | 169TH JUDICIAL DISTRICT |
| | § | |
| BAYLOR SCOTT & WHITE HEALTH, LLC | § | |
| | § | |
| DEFENDANT. | § | OF BELL COUNTY TEXAS |

PLAINTIFF'S ORIGINAL PETITION

NOE COMES, SHELBY BURDETTE, PLAINTIFF and by this Original Petition complains of DEFENDANT, BAYLOR SCOTT & WHITE HEALTH, LLC (Hereinafter sometimes referred to as "BSWH") and in support thereof, would respectfully show unto the Court the following:

I.

Plaintiff plans to for Discovery to proceed under Level 2, pursuant to and in accordance with Rule 190.3 of the Texas Rules of Civil Procedure.

II.

Plaintiff, SHELBY BURDETTE is an individual residing in Temple, Bell County, Texas.

Defendant, BAYLOR SCOTT & WHITE HEALTH, LLC. operates as a non-profit healthcare organization organized and existing under the laws of the State of Texas with offices in Temple, Bell County, Texas, and may be served with process by serving Mr. Jin Hinton, CEO Baylor Scott & White Health, 3500 Gaston Avenue, Dallas, Texas 75246.

III.
Jurisdiction and Venue

This Court has jurisdiction over Plaintiff because she is a Bell County, Texas resident. This Court has jurisdiction over Defendant because it operates a hospital in Bell County, Texas and Plaintiff was employed by Defendant in Bell County Texas.

This court has jurisdiction over the controversy because this is a case under the Family Medical Leave Act and jurisdiction is expressly provided for in State Courts at Section 107(2) of the statute, and the damages sought are within the jurisdictional limits of this Court.

Venue is proper in Bell County, Texas under the general venue rule, 15.002(1) of the Texas Civil Practices & Remedies Code, in that Bell County, Texas is where all or a substantial part of the events or omissions giving rise to the claim arose.

IV.
Factual Background

This case arises under the Family Medical Leave Act. Plaintiff was an employee of Defendant. Ms. Burdette had been an outstanding performer, earning numerous commendations from her manager for her strong work performance. Unfortunately, Ms. Burdette had serious problems with her feet. She needed surgery. Proper requests were made a time off was scheduled for her surgery and recovery. Ms. Burdette underestimated the recovery time, which was extended by her Scott & White doctor. All of her time off was covered by the FMLA leave.  When Ms Burdette was released to return to work she had restrictions. Her feet were still swollen and it was difficult for her to walk. Her doctor prescribed comfortable footwear, such as tennis shoes, and issued her a handicapped parking ticket. She had to put ice on her feet at times during her working hours, and was advised to walk as little as possible. Ms. Burdette's manager, Teresa Scott did not like the restrictions. She sent an email advising all of "her" employees, including Ms. Burdette that they cannot wear tennis shoes in her department. She refused to locate accommodations for Burdette's feet, chair and other office equipment. She forced Burdette to walk a very long hallway to attend a meeting. But mainly, she mocked and ridiculed Ms. Burdette. She made fun of her feet, her shoes, her scooter, ice packs and even the handicap parking space prescribed by her doctor.

Ms. Burdette was a top level employee, during her time at Scott & White, in spite of harassment by her supervisor. Ms. Burdette received numerous awards and

commendations for her excellent work and production. This continued up until she requested FMLA for her feet surgery. When she returned from her surgery, she was still struggling with the pain and swelling in her feet. She was on medication for the pain. However, she still did a good job. In the few weeks she was back, she received a gift card from Ms. Scott for her excellent performance, and an email that was sent by her manager, Ms. Scott, which generally stated that Ms. Scott was impressed and surprised by her performance coming off of surgery and stating the she was still at the top of the department. This email was copied to Ms. Scott's boss as well as Ms. Scott's coordinator, Dionne Menefield.

Ms. Burdette had foot surgery on both feet on or about February 12, 2018. She was released to return to work, with restrictions related to footwear and walking, on March 21, 2018. On May 2, 2018, in only a few weeks after her return, she was fired by her supervisor. The alleged reason for the termination was that her work performance was slipping. During that short period, between the time she returned from surgery and the time she was terminated, she was commended about her high level of performance. No suggestion was ever made to her about slipping performance level.

V.
Cause of Action

This suit is brought under the Family Medical Leave Act. The act provides that after an employee takes approved medical leave, said employee is entitled to return to the same or similar job as said employee had before the leave was taken. In this instance, the Plaintiff was allowed to return to the same job she had prior to the leave, but was then harassed and belittled by her supervisor because she was not a full strength and had doctor prescribed limitations. Defendant intentionally disregarded some of those restrictions and mocked others. However, Defendant did acknowledge that Plaintiff was doing a very good job upon her return from surgery, in spite of her limitations. Defendant then, only a few weeks later terminated Plaintiff's employment for allegedly slipping performance.

These actions on the part of the Defendant give rise to Plaintiff's claims that Defendant intentionally, and knowingly violated the provisions and the spirit of the Family Medical Leave Act. For these reasons, this suit is brought by Burdette to recover reasonably and necessary damages resulting from the wrongful conduct of Defendant.

## VII.
## Damages

Plaintiff. Burdette, has suffered greatly as a result of Defendant's wrongful actions. Burdette has lost her job and any income and benefits associated with her employment. Although she has applied for other positions, she has been unable to secure similar employment. Burdette is seeking the loss of income and benefits in the past and in the future as a result of the wrongful actions of Defendant. Burdette also seeks the recovery of interest on any such damages, attorneys fees, court costs and expert witness fees. Further, Burdette seeks damages for stress, anxiety and mental anguish in the past and future, as well as all out of pocket expenses associated with the loss of her job, income and benefits.

## VIII.
## Jury Request

Plaintiff respectfully requests that this matter be tried to a jury of her peers. The jury fee is being paid contemporaneously with the filing of this suit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be required to file an answer, and that after a trial on the merits of the case, a judgment be awarded in Plaintiff's favor in the amount of all actual damages, pre and post judgment interest, and court costs, and for all other and further relief, both legal and equitable to which Plaintiff may show herself to be justly entitled.

Respectfully Submitted,

<div style="margin-left:50%">

/s/Scott V. Allen
Scott V. Allen
SBN: 01058010

Scott V. Allen, Attorney at Law
16 E. Avenue A, Suite 206
Temple, Texas 76501
(254) 774-9565
(254) 774-8579
email: svallen@sbcglobal.net

ATTORNEY FOR PLAINTIFF

</div>